### DUBOSKI v GRANT

Ohio Appeals, 1st Dist, Hamilton Co

No 4700. Decided March 18, 1935

Roberts, Minten & Tennebaum, Cincinnati, and Allen C. Roudebush, Cincinnati, for plaintiff in error.

Heilker & Heilker, Cincinnati, and A. R. Hoffman, Cincinnati, for defendant in error.

## OPINION

**By HAMILTON, J.**

The question for consideration is:—Was there no credible evidence tending to support the plaintiff's case?

The reason suggested by the court for instructing the verdict was, that there was a failure of identification of the note, and, therefore, a failure to show that anything was due the plaintiff from the estate of the deceased on account of any alleged note.

The court refused to permit the introduction of the note sued upon in evidence, for the reason, as stated by the court, that the note was not properly identified. Of course, had the note been offered in evidence, it would have required the defendant to produce evidence to sustain her defense, and the case would have to have been submitted to the jury.

While the identification of the note offered was not clear and concise as to identity, we are of opinion there was sufficient in the record to indicate the note offered, was the note sued upon.

Evidence is in the record tending to prove that the note sued upon was duly executed and delivered and for good consideration. Had counsel in tendering the note as evidence shown that it was the note marked "for identification No. 1", or that the paper tendered was the note sued upon, undoubtedly, the court would have admitted the note in evidence. Counsel did not present the note in this way, and it was not clearly identified.

However, there is sufficient in the record from which a reasonable inference might be drawn that the note offered was the note sued upon, and it is the only paper writing discussed and considered in the introduction of the evidence.

In the efforts to identify the note, the court was highly technical in sustaining objections to questions, and we are of opinion that substantial justice was not done.

The court erred in refusing the note in evidence and in granting the motion for an instructed verdict. The judgment will, therefore, be reversed, and the cause remanded for a new trial.

ROSS, PJ, and MATTHEWS, J, concur.